NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DEAN,

Defendant - Appellant.

No. 17-30126

D.C. No. 6:06-cr-00008-CCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Marcus Dean appeals from the district court's judgment and challenges the

11-month sentence imposed upon revocation of his supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dean argues that the district court erred by failing to consider the exception to imprisonment listed in 18 U.S.C. § 3583(d) and, in turn, by not sentencing Dean to drug treatment instead of imprisonment, as requested. We review for plain error, *see United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012), and conclude that there is none. Even if Dean is correct that the district court could have ordered substance abuse treatment in lieu of imprisonment, the record reflects that it would not have done so. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008) (to show plain error, defendant must show "a reasonable probability that he would have received a different sentence" absent the error). Contrary to Dean's contention, the record shows that the court considered his request for substance abuse treatment, as well as his alternative request for a 5-month sentence, and concluded that an 11-month sentence was warranted. The court's reasons for imposing the high-end sentence are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Dean's history on supervision, the sentence is substantively reasonable. *See Carty*, 520 F.3d at 993.

**AFFIRMED.**